**D. HARRIS MASONRY CONTRACTING, INC.,**
Petitioner,

v.

**Elizabeth DOLE, Secretary of Labor, and Occupational Safety and Health Review Commission, Respondents.**

No. 88–3728.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 27, 1989.

Decided June 6, 1989.

Henry G. Beamer, Metz, Cook, Welsh & Beamer, Pittsburgh, Pa., for petitioner.

Jerry G. Thorn, Acting Sol. of Labor, Allen H. Feldman, Associate Sol., Mary–Helen Mautner, Counsel for Appellate Litigation, Christine L. Owens, Atty. U.S. Dept. of Labor, Washington, D.C., for respondents.

Before: SEITZ *, SLOVITER and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

D. Harris Masonry Contracting, Inc., a masonry subcontractor, has filed a petition for review of an order of the Occupational Safety and Health Review Commission finding it guilty of an other than serious violation of 29 C.F.R. § 1926.500(b)(8).

The facts adduced before the Administrative Law Judge are quite simple. During the inspection of a construction site, an Occupational Safety and Health Administration compliance officer observed a pallet on the second floor covering a ventilation shaft. He noticed that, although the pallet protected employees against the danger of falling into the shaft, the pallet itself contained 15 openings, each measuring 3 by 15 inches. The holes were neither covered nor guarded by a railing, and thus they exposed employees to a tripping hazard. The pallet was in plain view and was readily accessible to all employees using the second floor. Several of petitioner's employees were working near it at the time of the inspection. The pallet had been placed by the general contractor.[1] After viewing the pallet, the compliance officer issued a citation to the masonry subcontractor who now petitions this Court.

The ALJ affirmed the citation. He found that the floor holes in the pallet were not guarded or covered and posed a tripping and falling hazard to the petitioner's employees. He also found that while petitioner was not responsible for the placing of the pallet, it was aware of the condition and its employees' exposure thereto.

We review the Commission's factual finding under the "substantial evidence on the record as a whole" standard. Its legal conclusions are examined to determine whether they are in accordance with law.

The citation issued to the petitioner reads:

29 C.F.R. 1926.500(b)(8): Floor holes were not guarded by a standard railing and toeboard or a floor hole cover of standard strength and construction secured against accidental displacement:

(a) Second Floor—Ventilation shaft with fifteen (15) openings, three (3) inches by fifteen (15) inches, on or about November 13, 1987.

The regulation, 29 C.F.R. 1926.500(b)(8), and the definitional regulation, 29 C.F.R. 1926.502(a), read as follows:

29 C.F.R. § 1926.500(b)(8): Floor holes, into which persons can accidentally walk, shall be guarded by either a standard railing with standard toeboard on all exposed sides, or a floor hole cover of standard strength and construction that is secured against accidental displacement. While the cover is not in place, the floor hole shall be protected by a standard railing.

29 C.F.R. § 1926.502(a): "Floor hole" —An opening measuring less than 12 inches but more than 1 inch in its least dimension in any floor, roof, or platform through which materials but not persons may fall. . . .

(b) "Floor opening"—An opening measuring 12 inches or more in its least dimension in any floor, roof or platform through which persons may fall.

In seeking review, petitioner makes two arguments:

1. There was no failure to comply with 29 C.F.R. § 1926.500(b)(8), and

2. Petitioner bore no responsibility for the alleged violation.

## I.

Given this record we think there was substantial evidence to support the

---

* Since the date of submission of this case Judge Seitz has taken senior status.

1. The general contractor was issued a citation and immediately corrected the condition.

ALJ's conclusion that the holes in the pallet created a risk of tripping or falling. This is apparent from a casual examination of the photograph of the pallet. Petitioner's response is that 29 C.F.R. § 1926.500(b)(8) does not speak to tripping and falling and is thus inapplicable. We agree with the Secretary that a floor hole cover requirement not only serves the purpose of preventing the possibility of falling into the hole but also protects employees against the hazard of tripping on floor holes of the requisite dimensions. Thus, we conclude that there was a failure by the general contractor to comply with 29 C.F.R. § 1926.500(b)(8).

## II.

We come then to the petitioner's contention that it had no responsibility with respect to the violation. Petitioner asserts that it had no responsibility regarding the hazardous condition because it neither created nor controlled the hazard. In the proceeding before the ALJ, petitioner established that it did not create or control the condition.

Petitioner, relying on *Anning–Johnson Co. v. Occupational Safety & Health Review Commission,* 516 F.2d 1081 (7th Cir. 1975), contends that subcontractors are not responsible for nonserious violations to which the subcontractor's employees were exposed but which the subcontractor neither created nor was otherwise responsible for. The Seventh Circuit based its ruling to that effect on its interpretation of the Occupational Safety and Health Act.

■ The Commission and the Secretary argue that *Anning–Johnson Co.,* 4 O.S.H. Cas. (BNA) 1193 (1976), decided after the Seventh Circuit case, provides the applicable defense for a subcontractor that neither creates not controls a hazard. The Commission's *Anning–Johnson* defense requires a noncontrolling, noncreating subcontractor to show either that its exposed employees were protected by other realistic measures taken as an alternative to literal compliance with the cited standard or that it did not have, nor with the exercise of reasonable diligence could have had, notice that the condition was hazardous. Al-

though the majority of the Commission in *Anning–Johnson* seemed to distinguish the Seventh Circuit case, we are not certain that it is distinguishable. But we need not decide that issue because we conclude in any event that the Commission's formulation of the defense subsequent to the Seventh Circuit opinion more meaningfully comports with the objective of the Act to protect employees regardless of the seriousness of the violation. Several courts have applied the Commission's formulation of the defense even in nonserious cases. *See, e.g., Havens Steel Co. v. Occupational Safety & Health Review Comm'n,* 738 F.2d 397 (10th Cir.1984); *Electric Smith, Inc. v. Secretary of Labor,* 666 F.2d 1267 (9th Cir.1982); *DeTrae Enters. v. Secretary of Labor,* 645 F.2d 103 (2d Cir.1980); *Bratton Corp. v. Occupational Safety & Health Review Comm'n,* 590 F.2d 273 (8th Cir.1979); *New England Tel. & Tel. Co. v. Secretary of Labor,* 589 F.2d 81 (1st Cir. 1978).

Given the foregoing legal determination, we could conclude our opinion at this point because it is questionable whether the petitioner argues, alternatively, that it met any requirement of an *Anning–Johnson* defense. However, generously viewed, petitioner's brief can be read to refer to at least one factor that is relevant only to that defense. We will, therefore, proceed to address that issue.

Since the petitioner's employees were exposed to the hazardous condition and since petitioner was aware, actually or constructively, that the condition was hazardous, the only avenue open to the petitioner to prove the *Anning–Johnson* defense was to show that its employees working on the second floor were protected by other realistic means. Measures that constitute realistic alternatives will vary from case to case. *See Anning–Johnson Co.,* 4 O.S.H. Cas. (BNA) 1193, 1198 n. 16. For example, "[a] complaint registered with the general contractor may be an appropriate and realistic alternative measure." *Anning–Johnson Co.,* 4 O.S.H.Cas. (BNA) 1193, 1200 n. 23.

Simply because a subcontractor cannot himself abate a violative condition does not mean it is powerless to protect its

employees. It can, for example, attempt to have the general contractor correct the condition, attempt to persuade the employer responsible for the condition to correct it, instruct its employees to avoid the area where the hazard exists if this alternative is practical, or in some instances provide an alternative means of protection against the hazard.

*Grossman Steel & Aluminum Corp.*, 4 O.S.H.Cas. (BNA) 1185, 1189 (1976).

On this record petitioner did not show that it took alternative measures to protect its employees from the hazard. It neither warned its employees of the hazard nor adopted any alternative form of protection. Further, it did not request the general contractor to correct the condition. Petitioner argues that any request which it would have made to the general contractor would have fallen on deaf ears. This is not convincing where petitioner never even attempted to make such a request.

Petitioner's failure to warn its employees of the known hazard or to provide alternative protection along with its failure to seek the general contractor's assistance in making the correction is fatal to petitioner's assertion of the *Anning–Johnson* defense.

The petition for review will be denied.